UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
D.N., individually and on behalf of G.N.,

               Plaintiffs,

      - against -

THE NEW YORK CITY DEPARTMENT OF EDUCATION
and DENNIS WALCOTT, in his official
capacity as the Chancellor of the New York
City Department of Education,

               Defendants.
---------------------------------------X

**MEMORANDUM AND ORDER**

11 Civ. 9223 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

In a Memorandum and Order dated December 7, 2012 (the "Order"), we remanded this matter to the SRO to address arguments that the Parent raised at both levels of the administration review process, but that neither the IHO nor the SRO addressed (the "Unaddressed Claims").[1]  The Department now seeks a stay of the Order pending its appeal to the Second Circuit.  For the reasons set forth below, we deny the Department's request.

<u>BACKGROUND</u>

The relevant facts and procedural history are set forth in the Order, familiarity with which we assume.  See <u>D.N. v. N.Y.C. Dep't of Educ.</u>, No. 11 Civ. 9223 (NRB), 2012 WL 6101918, at *2-3 (S.D.N.Y. Dec. 10, 2012).  Briefly, in September 2010, the

---

[1]    Acronyms and abbreviations not defined herein shall have the meanings attributed to them in the Order.

Parent requested an impartial hearing to challenge the adequacy of the IEP, as well as the Department's proposed placement for the 2010-11 school year.   In her request for an impartial hearing, the Parent raised a host of claims, only two of which the IHO reached.   Relying exclusively on those claims, the IHO found that the Department failed to offer the Student a FAPE during the 2010-11 school year.   Accordingly, the IHO ordered reimbursement for the Student's unilateral placement at the Rebecca School.

The Department appealed the IHO's decision to the SRO.   In its appeal petition, the Department challenged the IHO's findings and urged the SRO to dismiss the Unaddressed Claims on their merits.[2]   The Parent did not cross-appeal any portions of the IHO's decision, including the IHO's silence with respect to the Unaddressed Claims.   Nonetheless, the Parent maintained many of the Unaddressed Claims in her answer to the Department's petition.

The SRO ultimately reversed the IHO's findings.   However, the SRO refused to consider the Unaddressed Claims as alternative bases for ruling in the Parent's favor.   According

---

[2]      The petition provides:   "With regard to the allegations in the [due process complaint] that the IHO did not address, the hearing record shows that the Parent's remaining claims should be dismissed."   (Verified Pet. at ¶ 37.)   The petition proceeded to address the merits of the Parent's claims regarding the Department's failure to conduct an FBA and the IEP's alleged omission of specific and measurable goals.   (Id. at ¶¶ 37-38.)

to the SRO, the Parent waived the Unaddressed Claims by failing to cross-appeal the IHO's decision not to reach them.

The Parent appealed the SRO's decision to this Court.  In her pleadings and memoranda, the Parent pursued, _inter alia_, the Unaddressed Claims.  In the Order, we held that the Parent's failure to cross-appeal the Unaddressed Claims did not waive their reviewability.  Accordingly, we remanded this matter to the SRO.  Pending the SRO's decision, we declined to reach the merits of the matters that the SRO and the IHO did address.  The Department now seeks a stay of the Order.

## DISCUSSION

In deciding whether to exercise our discretion to issue a stay pending appeal, we consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." U.S. Sec. & Exch. Comm'n v. Citigroup Global Mkts. Inc., 673 F.3d 158, 162-63 (2d Cir. 2012) (internal quotation marks omitted).

Here, the Department has not offered any compelling arguments in support of its request for a stay.  As an initial matter, we find it highly doubtful that the Department will succeed on the merits, not least because we do not believe that

the Court of Appeals has jurisdiction to hear an appeal from the Order.  It is well established that an appellate court may only exercise jurisdiction over appeals from a "_final_" district court decision.  28 U.S.C. § 1291 (emphasis added).  A decision is final when it "conclusively determines all pending claims of all the parties to the litigation."  Petrello v. White, 533 F.3d 110, 113 (2d Cir. 2008).  Here, the Order does not represent a "final act in the case," Somoza v. N.Y.C. Dep't of Educ., 538 F.3d 106, 112 (2d Cir. 2008) (internal quotation marks omitted), nor did we so intend it.[3]  To the contrary, we fully anticipate reaching the merits of the Student's claims once we receive the benefit of the SRO's guidance.

If the Court of Appeals disagrees with our assessment and finds the Order appealable, we nonetheless do not believe that the Department will succeed on the merits for the reasons set forth in the Order.  See D.N., 2012 WL 6101918, at *4-5.  Nor do we believe that the Department has offered compelling new arguments that warrant a stay and/or reconsideration of our decision.  The Department essentially contends that the Order conflates two separate provisions of Title 8 of the New York Code of Rules and Regulations:  (i) section 200.5(k)(1), which states that "[a]ny party aggrieved" by the IHO's decision may

---

[3]   Although the Clerk of Court closed this case on the docket, this was not at our direction.  The Clerk of Court has since reopened the case.

appeal to the SRO, 8 N.Y.C.R.R. § 200.5(k)(1), and (ii) section 279.4(b), which provides that "[a] respondent who wishes to seek review" of the IHO's decision "may cross-appeal from all or a portion of th[at] decision," id. § 279.4(b).  The Department maintains that section 200.5(k)(1)'s aggrievement requirement "governs the initial appeal to the SRO" but does not apply to the "separate procedure for cross-appeals."  Letter from Gloria M. Yi, Assistant Corp. Counsel, City of N.Y. Law Dep't, to Court 2 (Jan. 7, 2013).  Under the Department's interpretation, even if the unaggrieved Parent could not have initiated an appeal from the IHO's decision, she was nonetheless required to cross-appeal the Unaddressed Claims to preserve them for subsequent review.  We have rejected this position in the Order.  See D.N., 2012 WL 6101918, at *4 (citing Drax v. Reno, 338 F.3d 98, 105-06 (2d Cir. 2003)).

But even assuming, arguendo, that (i) section 200.5(k)(1)'s aggrievement requirement is not a predicate to cross-appealing an IHO's decision[4] and (ii) an IHO's silence is an appealable

---

[4]    But see 20 U.S.C. § 1415(g)(1) (establishing an aggrievement requirement); 34 C.F.R. § 300.514(b)(1) (same); 8 N.Y.C.R.R. § 200.5(k)(1) (same); see also J.F. v. N.Y.C. Dep't of Educ., No. 12 Civ. 2184 (KBF), 2012 WL 5984915, at *9 (S.D.N.Y. Nov. 27, 2012) (finding that the relevant "statutes and regulations permit (and thus require) parties to appeal only to the extent that they are aggrieved"); Cosgrove v. Bd. of Educ. of Niskayuna Cent. Sch. Dist., 175 F. Supp. 2d 375, 385 (N.D.N.Y. 2001) ("[T]he administrative appeal process is available only to a party which is 'aggrieved' by an IHO's determination."); Application of a Student with a Disability, Appeal No. 09-083 (Aug. 19, 2009), available at http://www.sro.nysed.gov/decisionindex/2009/09-083.pdf (declining to review the Department's cross-appeal when the Department was not aggrieved by the IHO's decision).

decision,[5] the relevant statutes and regulations do not require a respondent to cross-appeal a non-adverse decision to preserve its reviewability.    Section 200.5(j)(5)(v) provides that an IHO's decision "shall be binding upon both parties unless appealed to the" SRO.   8 N.Y.C.R.R. § 200.5(j)(5)(v); see also 20 U.S.C. § 1415(i)(1)(A); 34 C.F.R. § 300.514(a).   However, the IDEA explicitly links the binding nature of an IHO's decision -- and, thus, waiver of reviewability -- to a party's aggrievement. See 20 U.S.C. § 1415(i)(1)(A) (providing that an IHO's decision "shall be final, except that any party involved in such hearing may appeal such decision under the provisions of subsection (g)"); id. § 1415(g)(1) (permitting only an "aggrieved" party to appeal the IHO's decision); see also 34 C.F.R. § 300.514(a)-(b). Thus, even if section 200.5(k)(1)'s aggrievement requirement is not a prerequisite to filing a cross-appeal, the failure to file such an appeal may only effect a waiver where the non-appealed issue was adverse to the non-appealing party.[6]

The Department speculates as to the practical effects of our decision, but does not carry its burden in demonstrating that the Department will suffer irreparable injury absent a

---

[5]     But see J.F., 2012 WL 5984915, at *9 (noting that the plain language of section 279.4(b) "implies that cross-appeals lie only from issues decided, not merely from silence").

[6]     See, e.g., C.L. v. N.Y.C. Dep't of Educ., No. 12 Civ. 1676 (JSR), 2013 WL 93361, at *8 (S.D.N.Y. Jan. 3, 2013) (finding that a party waived the reviewability of an issue when it failed to appeal the IHO's adverse finding with respect to that issue); B.R. ex rel. K.O. v. N.Y.C. Dep't of Educ., No. 11 Civ. 8433 (JSR), 2012 WL 6691046, at *8 (S.D.N.Y. Dec. 26, 2012) (same); J.F., 2012 WL 5984915, at *6 (same).

stay.   The Department contends, <u>inter alia</u>:   "If parents were not required to cross-appeal all issues they wished to raise to support their unilateral placements of their children in a private school setting, they would be permitted to deprive the state of the opportunity to correct these purported shortcomings merely by staying silent on the subject until reaching federal court."   Letter from Gloria M. Yi, Assistant Corp. Counsel, City of N.Y. Law Dep't, to Court 3 (Jan. 7, 2013).

The Department's concern is largely academic.   As noted in the Order, a parent's ability to raise claims at <u>any</u> level of the proceedings is circumscribed by the allegations in the due process complaint.   <u>See</u> 20 U.S.C. § 1415(f)(3)(B); 34 C.F.R. § 300.511(d); 8 N.Y.C.R.R. § 200.5(j)(1)(ii).   Therefore, a parent simply cannot "stay[] silent" on a claim and raise it for the first time in federal court.   <u>See, e.g.</u>, <u>B.P. v. N.Y.C. Dep't of Educ.</u>, 841 F. Supp. 2d 605, 611 (E.D.N.Y. 2012) ("The scope of the inquiry of the IHO, and therefore the SRO and this Court, is limited to matters either raised in the Plaintiffs' impartial hearing request or agreed to by Defendant.").   In any event, this argument simply carries no weight where, as here, <u>the Department itself</u> introduced the Unaddressed Claims in its petition.

If, in future cases, the Department and the SRO truly are concerned about the Department's limited ability to respond to

"new" claims, there are far more equitable ways of addressing this problem than finding, without any legal authority whatsoever, that a parent has waived unaddressed claims merely by labeling her filing as an "answer" rather than a "cross-appeal."   For instance, the SRO could (i) rule on the IHO's findings and, if necessary, remand the unaddressed claims to the IHO, or (ii) simply convert the parent's answer into a cross-appeal, thereby affording the Department an opportunity to respond.   See, e.g., Dirocco ex rel. M.D. v. Bd. of Educ. of Beacon City Sch. Dist., No. 11 Civ. 3897 (ER), 2013 WL 25959, at *13 (S.D.N.Y. Jan. 2, 2013) (treating the parents' answer as a cross-appeal).   In either case, the SRO would avoid the Department's fear that IDEA cases will "bounce back and forth between administrative review and the courthouse until every last issue of education policy [i]s ironed out."   Letter from Gloria M. Yi, Assistant Corp. Counsel, City of N.Y. Law Dep't, to Court 3 (Jan. 7, 2013).

<u>**CONCLUSION**</u>

For the foregoing reasons, we deny the Department's request to stay the Order pending its appeal to the Second Circuit.

Dated:     New York, New York
           January 22, 2013


```
                                   NAOMI REICE BUCHWALD
                                   UNITED STATES DISTRICT JUDGE
```

Copies of the foregoing Order have been mailed on this date to
the following:

**Attorneys for Plaintiffs**

Steven Laurence Goldstein, Esq.
The Law Offices of Steven L. Goldstein
111 John Street, Suite 800
New York, New York 10038

Harold Jeffrey Marcus, Esq.
Law Offices of H. Jeffrey Marcus, P.C.
5888 Main Street
Williamsville, New York 14221

**Attorney for Defendants**

Gloria Mihee Yi, Esq.
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007